United States Courts
Southern District of Texas
FILED

*April 2, 2025*

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

Antoine Davis-Bey
(hereinafter Plaintiff),

vs

State of Texas
Christopher G Morales
Collin Scovill
Jasmine Roberts
(hereinafter Defendants)

**RE: CIVIL ACTION FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AND FRAUDULENT MISREPRESENTATION OF AUTHORITY**

Comes now Antoine Davis-Bey Plaintiff, sui juris, in propria persona, previously known as Antoine Davis, hereby gives official petition for redress arising from state court actions against plaintiff and to adjudicate justice for violations of the U.S. Constitution Article 3, and the U.S. bill of rights fourth, fifth, and sixth amendments Federal laws such as title 18 USC 241, 18 U.S. Codes 242, and title 42 U.S. Codes 1983. Plaintiff hereby submits this civil action for the deprivation of rights under color of law to be heard in the United States Federal District court Article 3 venue.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



## I. MULTIPLE GROUNDS FOR CIVIL ACTION PURSUANT TO CONSTITUTIONAL VIOLATIONS AND DIVERSITY JURISDICTION

Jurisdiction and Venue are hereby pursuant to Diversity of citizenship, and Constitutional and bill of rights violations.

## II. ISSUES PRESENTED

1. Whether the trial court erred in dismissing Petitioner's Motion to Dismiss for Lack of Subject Matter Jurisdiction, where the Plaintiff failed to provide evidence to justify, a warrantless search and arrest by the agents of the Rosenberg Police Department following a traffic stop that was dismissed by the prosecution.

2. Whether the State's actions constitute a violation of the Fourth, Fifth, and Sixth Amendments to the U.S. Constitution and Article I, Section 9 of the Texas Constitution due to the warrantless search and arrest of Petitioner.

3. Whether Petitioner due process rights were violated when no preliminary hearing was afforded to establish probable cause or review the legitimacy of charges stemming from a dismissed charges for possession of marijuana and speeding citation.

### STATEMENT OF FACTS

1. On **03/08/2021**, Plaintiff while traveling in his automobile heading towards highway 59 and Reading Rd, located in Rosenberg, Tx was unlawfully detained by Defendant Jasmine Roberts (hereinafter arresting officer), a police agent for Fort Bend County, Rosenberg police department and charged with speeding citation, fleeing/eluding arrest, possession of marijuana, and possession of firearm, which two (2) of those charges were dismissed in April, 2021, which was the speeding citation, and criminal possession of marijuana charges, case **#21-CCR-221011**. (see attachment: exhibit 1)

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202

2. On **03/08/2021**, Defendant was subjected to a traffic stop conducted by Rosenberg Police Department in Fort Bend County, Tx. The officers lacked probable cause and proceeded without a warrant, detaining Defendant on alleged grounds of a minor traffic offense. Subsequent searches produced evidence the State intends to use in prosecuting this case. The initial stop was executed without lawful justification, and the alleged basis for the stop has been negated by the Defendant's subsequent acquittal on traffic-related charges

3. The plaintiff was taken to Fort Bend County Jail on **March 08, 2021**, and was released on cash-bail of $1,750 on **March 09, 2021**, the plaintiff was not charged with the other two cases until **04/24/2023**, <u>over 45 days after this initial arrest</u>, those charges are still pending under the following case numbers in the Fort Bend County Court at Law #1 with defendant Christopher G Morales, acting as Judge, **22-CCR-221014**; and **22-CCR-221009.**

4. In this case, the delay of more than 45 days in bringing charges for the additional cases exceeds the statutory timeframe for misdemeanors under **Article 17.151**. This failure to timely file charges deprived the defendant of their right to a speedy trial as secured **under Article I, Section 10 of the Texas Constitution and the Sixth Amendment to the United States Constitution.**

5. Defendant Christopher G Morales failed to schedule a preliminary hearing where Plaintiff had an opportunity to make the plea of guilty or not guilty, and that hearing still has not happened to date.

6. The Plaintiff asserts that the presiding judge i.e. defendant Christopher G Morales in the criminal case violated his secured constitutional rights and failed to adhere to due process of law by refusing to enter the plaintiff's plea on the official court record

and failed to schedule an arraignment hearing, as required under **Texas Code of Criminal Procedure Article 26.13 and the Fifth Amendment to the United States Constitution.**

7. This omission constitutes a direct violation of the Plaintiff's right to procedural due process under **Article I, Section 19** of the Texas Constitution and the **Due Process Clause** of the Fourteenth Amendment, which collectively mandate that all legal proceedings be conducted fairly, transparently, and in accordance with established laws.

8. Furthermore, the defendant i.e. Christopher G Morales failure to schedule an arraignment hearing undermines the public record and the plaintiff's right to a fair trial guaranteed by the **Sixth Amendment** to the U.S. Constitution.

9. By neglecting this fundamental requirement, the defendant obstructed the plaintiff's access to justice and created grounds for procedural prejudice, effectively depriving the defendant of his rights under **42 U.S.C. § 1983**, which protects individuals against deprivation of constitutional rights by state actors.

10. Such judicial misconduct also violates **Canon 3 of the Texas Code of Judicial Conduct**, which obligates judges to uphold the integrity and impartiality of the judiciary. This unlawful act has caused significant harm to the plaintiff, including the denial of a fair trial and the erosion of confidence in the judicial process, warranting civil action for damages and injunctive relief to prevent further violations.

11. The Defendants along with agents of the Fort Bend County Courthouse scheduled a status hearing for 05/14/24, 9:30 am, which was canceled by agents of the Fort Bend County Courthouse on their own merit. And the defendant Christopher



Morales ordered an arrest warrant for alleged failure to appear at a hearing that plaintiff never got served or notified about on 07/23/21. Defendants also failed to give notice of arrest warrant issued on 07/23/21 to plaintiff. Defendants also forfeited plaintiff cash-bail for the amount of $1,750. Defendants claim to call plaintiff name in the Fort Bend courthouse, but failed to give Plaintiff written notice of the hearing that would allow the plaintiff to attend the hearing on that date.

12. Defendant, Christopher G Morales doing business as Judge had a duty pursuant to his Oath of Office, and State of Texas laws, pursuant but not limited to **TEXAS GOVERNMENT CODE Chapter 602 Section 602.002** to protect due process of law and Constitutional secured rights of plaintiff which he neglected to do.

13. After two years of lack of prosecution on the case, around 04/22/2024 the plaintiff was detained and imprisoned by Jersey Village police agents based on inactive warrant issued by defendant Christopher G Morales and transferred to Fort Bend County Jailhouse. Plaintiff posted bail bond in the amount of $3,000 for both of the two cases and was imprisoned for a total of 13 hours in the Fort Bend County Jail, Texas. Plaintiff was released the next day on **04/23/2024.**

14. The plaintiff submitted a motion to dismiss for lack of jurisdiction which was denied by defendant Christopher G Morales at The Fort Bend County Court at law #1 hearing that was scheduled for **11/07/2024** for pre-trial hearing.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202

15. The plaintiff submitted a motion to reconsider the motion to dismiss for lack of jurisdiction which was also denied by defendant Christopher G Morales at The Fort Bend County Court at law #1 hearing that was scheduled for **11/19/2024** for pre-trial hearing.

16. The plaintiff submitted a notice of appeal pursuant to **Texas Civil Practice and Remedies Code § 51.014** on 11/20/2024 which is currently pending and awaiting approval from the appellate court. **§ 51.014(a)**: Authorizes interlocutory appeals for specific rulings, including denials of motions to dismiss for lack of subject matter jurisdiction.

17. **Use of Tainted Evidence (Fruit of the Poisonous Tree Doctrine):** The primary evidence presented against the plaintiff was obtained from the unlawful search and seizure, which violates the "fruit of the poisonous tree" doctrine. Despite multiple requests to recognize this critical issue, the defendant Collin Scovill has continued to rely on this inadmissible evidence, knowingly pursuing charges grounded in constitutional violations.

18. **Failure to Dismiss Charges Despite a Motion to Dismiss:** A motion to dismiss was filed due to lack of probable cause and the use of tainted evidence, but defendant Collin Scovill has failed to dismiss the charges. By persisting with this prosecution, despite clear evidence of constitutional violations, the defendant Collin Scovill has shown a disregard for the legal rights of the plaintiff and the ethical obligations of a prosecutor.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



19. The actions described above appear to violate several **ABA Model Rules of Professional Conduct, specifically: Rule 3.8(a) – Special Responsibilities of a Prosecutor**: This rule mandates that a prosecutor "refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause." By moving forward with charges in the absence of probable cause, the prosecutor has breached this fundamental duty.

20. **Rule 8.4(a) and (d) – Misconduct: Rule 8.4** prohibits a lawyer from engaging in conduct that is **"prejudicial to the administration of justice."** By prosecuting a case without legal justification and relying on illegally obtained evidence, defendant Collin Scovill has engaged in conduct that not only undermines the defendant's rights but also erodes public confidence in the justice system.

21. **Rule 4.4 – Respect for Rights of Third Persons**: The defendant Collin Scovill continued pursuit of this baseless case fails to respect the defendant's legal rights, exposing the defendant to unwarranted legal jeopardy and distress.

22. All charges are still pending in the Fort Bend County Court at Law #1 currently.

### III. CAUSES OF ACTION

a. **Deprivation of Rights Under Color of Law (18 U.S.C. § 242):** By permitting prosecution based on an arrest that lacked a warrant or reasonable suspicion, the defendant Collin Scovill violated the Plaintiff's Fourth Amendment rights against unlawful searches and seizures and Sixth Amendment rights of the accused.
b. The defendant Christopher G Morales, doing business as a judge acted under the **"color of law"** by using their official position to enforce proceedings lacking proper legal foundation, thereby depriving the Plaintiff of constitutional protections.
c. *Malley v. Briggs, 475 U.S. 335 (1986):* In *Malley*, the Supreme Court held that a judge's issuance of a warrant based on an affidavit lacking probable cause may subject the judge to liability under Section 1983 if the judge acted in a manner that "reflects disregard for the established principles governing the issuance of warrants."
d. **Fraudulent Misrepresentation of Authority:** Federal law recognizes that a judicial officer's actions that knowingly misrepresent jurisdiction or the sufficiency of legal grounds for arrest/prosecution can constitute fraud. The deliberate denial of a motion to dismiss for lack of jurisdiction, despite the absence of probable cause, is tantamount to a willful misrepresentation of judicial authority and legal process.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



- e. **Violation of 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights):** By acting under color of state law to deprive the Plaintiff of rights secured by the U.S. Constitution, the defendant Christopher G Morales violated this statute. Allowing prosecution without jurisdiction or probable cause constitutes a willful abuse of legal authority.
- f. **18 U.S.C. § 1346 - Definition of "Scheme or Artifice to Defraud"** Under this statute, a "scheme or artifice to defraud" includes depriving another of the intangible right to honest services. A county judge's fiduciary duty encompasses an obligation to provide impartial and lawful judicial services. By breaching this duty, such as allowing prosecution without legal grounds or ignoring due process, the judge could be liable for fraud under this statute. Failure to act within the bounds of judicial authority deprives the public (and the Plaintiff) of honest services. This statute is often applied in cases of corruption or intentional misuse of authority.
- g. **False Imprisonment:** The Plaintiff's detention and subsequent prosecution without probable cause constitutes **false imprisonment**, a violation of the Plaintiff's liberty rights under the Fourth and Fourteenth Amendments.
- h. **Malicious Prosecution:** Proceeding with a case lacking jurisdiction and probable cause demonstrates **malice** and an improper purpose, violating the Plaintiff's rights under the **Fourteenth Amendment**'s Due Process Clause.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202

i. **Judicial Misconduct and Abuse of Discretion:** Denying the motion to dismiss despite clear jurisdictional defects demonstrates an abuse of judicial discretion and misconduct under **Canon 3 of the Texas Code of Judicial Conduct**, which requires judges to ensure fair and lawful proceedings.

j. **Fraudulent Concealment:** By refusing to acknowledge the lack of jurisdiction and probable cause, the judge effectively concealed these material facts, constituting **fraudulent concealment**, which is actionable under state and federal law.

k. **Violation of the Federal Tort Claims Act (FTCA):** The judge's actions could also be challenged under the **FTCA** for wrongful acts performed under the guise of judicial authority that caused harm to the Plaintiff.

l. *Pierson v. Ray, 386 U.S. 547 (1967):*
In *Pierson*, the Supreme Court affirmed that judges are not immune from liability under Section 1983 for actions taken in "clear absence of all jurisdictions."

m. **Delaware v. Prouse** (1979), the U.S. Supreme Court held that stopping a vehicle without reasonable suspicion violates the **Fourth Amendment**, which directly relates to this situation where the Plaintiff was unlawfully arrested and prosecuted following a warrantless stop lacking reasonable suspicion or probable cause.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



n. **TEXAS PENAL CODE 39.03 – OFFICIAL OPPRESSION CLAIM AGAINST** Defendant Jasmine Roberts i.e. arresting officer, acted under the color of his employment as agent of Rosenberg Police Department, of Fort Bend County and intentionally subjected claimant to an arbitrary arrest by police law enforcement without arrest warrant and without authority. Defendant intentionally denied and impeded on claimant exercise and enjoyment of due process of law that the defendant took an oath to uphold.

## IV. CONCLUSION

a. Defendant was stopped by law enforcement for an alleged speeding violation, during which Defendant's vehicle was searched without a warrant.
b. No warrant, witness, or lawful reason existed to support the search, and no preliminary hearing was held.
c. The initial speeding ticket was subsequently dismissed by the prosecutor, eliminating the original basis for any further legal action.
d. Despite the dismissal, the Defendant was charged with fleeing arrest and possession of a weapon, both stemming from the original warrantless stop and search.
e. The Defendant failed to demonstrate an injury-in-fact or other evidence of harm, raising questions to Plaintiff's standing.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



    **f.** The Fourth Amendment protects citizens from unreasonable searches and seizures. In this case, the warrantless search of Defendant's vehicle following a routine traffic stop for a speeding violation—an alleged infraction later dismissed—was unsupported by probable cause, as required by Terry v. Ohio, 392 U.S. 1 (1968). The dismissal of the speeding ticket removes any basis for suspicion, making the subsequent charges invalid under the exclusionary rule.

    **g.** The persistence of Defendant doing business as Prosecutor Collin Scovill i.e. Assistant District Attorney in prosecuting this case without sufficient evidence, in reliance on tainted evidence, and in defiance of established legal principles demonstrates a serious departure from the ethical obligations required of prosecutors. Prosecutors have a duty to seek justice, not merely to secure convictions, and to uphold constitutional protections for defendants.

## Damages

As a direct and proximate result of the actions and omissions of the Defendant, Fort Bend County Court at Law #1, Plaintiff has suffered and continues to suffer the following damages:

1. **Emotional Distress and Mental Anguish:**
    Plaintiff has endured significant emotional distress, anxiety, and mental anguish due to the violation of constitutional rights, unwarranted legal proceedings, and the uncertainty and burden of defending against baseless charges.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



2. **Loss of Liberty and Reputation:**
   Plaintiff has suffered harm to personal and professional reputation, as well as the loss of liberty, stemming from the improper legal proceedings and the stigma associated with baseless criminal charges.

3. **Economic Loss:**
   Plaintiff has incurred legal fees, court costs, and other expenses necessary to defend against the unjust charges, including costs associated with the interlocutory appeal and preparation of this action.

4. **Violation of Constitutional Rights:**
   Plaintiff has suffered damages due to the infringement of constitutional rights, including but not limited to violations of the Fourth Amendment (unlawful search and seizure), Fourteenth Amendment (due process), and related provisions of the Texas Constitution.

5. **Loss of Time and Opportunity:**
   - Plaintiff has been forced to divert time and resources from personal and professional obligations to address the ongoing legal matters, resulting in lost income and missed opportunities.
   - 

6. **Potential Future Harm:**
   - Plaintiff faces the ongoing risk of additional legal costs, the potential for adverse rulings, and long-term impacts on Plaintiff's reputation and civil rights due to the Defendant's unlawful actions and abuse of legal process.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202



## V. RELIEF

Plaintiff seeks compensatory damages in an amount to be determined at trial, including but not limited to:

a. Economic damages for legal fees and other financial losses;
b. Non-economic damages for emotional distress and harm to reputation;
c. Punitive damages to deter similar conduct in the future;
d. Any other relief this Court deems just and proper.
e. Plaintiff further requests equitable relief as necessary to prevent further harm and to restore Plaintiff's constitutional and civil rights.

Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202