United States District Court
Southern District of Texas

**ENTERED**

July 22, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTOINE DAVIS BEY, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-1607 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Antoine Davis-Bey ("Davis-Bey"), who is proceeding *pro se* and *in forma pauperis*, contends that his ongoing prosecution in Texas state court on misdemeanor charges of fleeing or attempting to elude a police officer and unlawful carrying of a weapon violates his Constitutional rights. Defendants have filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants' motions (Dkt. 39; Dkt. 46; Dkt. 58; Dkt. 66) are **GRANTED** as to Davis-Bey's claims under federal law. Davis-Bey's claims under federal law against Defendants Judge Christopher Morales ("Judge Morales"), Collin Scovill ("Scovill"), Rodney Hearn ("Hearn"), and the State of Texas ("Texas") are **DISMISSED WITHOUT PREJUDICE**. Davis-Bey's claims under federal law against Defendant Jasmine Roberts ("Roberts") are **DISMISSED WITH PREJUDICE**. Davis-Bey's claims under Texas state law are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c).

1 / 14

## I.　**BACKGROUND**

In his live complaint,[1] Davis-Bey alleges that he was pulled over by Roberts, a Rosenberg Police Department officer, on March 8, 2021. (Dkt. 28 at pp. 9–11). According to Davis-Bey, Roberts conducted a warrantless search of his vehicle "based solely on the odor of marijuana" and found a handgun and a backpack containing marijuana. (Dkt. 31 at p. 2). Roberts and other officers then arrested Davis-Bey, who was ultimately charged with speeding, possession of marijuana, fleeing or attempting to elude a police officer, and unlawful carrying of a weapon. (Dkt. 31 at p. 2). The prosecution dismissed the charges for speeding and possession of marijuana. (Dkt. 31 at p. 2). The charges for fleeing or attempting to elude a police officer and unlawful carrying of a weapon remain pending in Fort Bend County Court at Law 1, with Judge Morales presiding. (Dkt. 31 at p. 2; Dkt. 58-1; Dkt. 58-2).

---

[1] Davis-Bey's live complaint is his first amended complaint, docket entry 28, along with three additional documents (docket entries 29, 30, and 31) that were filed simultaneously with docket entry 28 and seem intended to be attachments to it. Apart from his live complaint, Davis-Bey has filed another document, docket entry 59, that seems intended to serve as a supplemental pleading, though it is not so entitled. However, Davis-Bey did not obtain the Court's leave to file a supplemental pleading. *See Muhammad v. Wiles*, 841 Fed. App'x 681, 684 (5th Cir. 2021) ("[S]upplemental pleadings require the approval of the court[.]"). Under the circumstances, the Court will view docket entries 28 through 31 as Davis-Bey's live pleading and will not consider docket entry 59. *Cf. id.* (holding that a supplemental complaint filed by a *pro se* litigant without the district court's approval was not "part of the complaint" for the purposes of a motion to dismiss); *see also Pohl v. United States*, No. 1:23-CV-1446, 2025 WL 405117, at *1 (W.D. Tex. Jan. 10, 2025), *aff'd*, 2025 WL 1894948 (5th Cir. July 9, 2025) (refusing to consider improperly filed amendments to a *pro se* complaint when ruling on a motion to dismiss). "[T]he Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or amalgamation of pleadings, even in the context of a *pro se* litigant." *Brown v. Porrata*, No. 21-CV-3219, 2021 WL 4132297, at *3 (E.D. Pa. Sept. 10, 2021).

Davis-Bey filed this lawsuit on April 2, 2025. (Dkt. 1). He has sued Defendants under 42 U.S.C. § 1983 ("Section 1983") and Texas state law; and he seeks compensatory and punitive damages, a judicial declaration that Defendants have violated his rights under the United States and Texas Constitutions, and an injunction halting his prosecution. (Dkt. 28 at pp. 16–22). Defendants have moved to dismiss the claims against them under Rules 12(b)(1) and 12(b)(6).

## II.    LEGAL STANDARDS

*—Rule 12(b)(1)*

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

*—Rule 12(b)(6)*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming*, 281 F.3d at 161.

A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Courts construe pleadings filed by *pro se* litigants like Davis-Bey under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards.").

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## III.  THE SECTION 1983 CLAIMS

The Court now turns to Davis-Bey's claims under Section 1983. "To state a claim under §1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995). The Court concludes that Davis-Bey has failed to state a viable claim under Section 1983 against any of the defendants.

*—Claims for declaratory and injunctive relief*

First, the Court concludes that Davis-Bey's federal claims for declaratory and injunctive relief against all of the defendants are barred by the *Younger* abstention doctrine.

The *Younger* abstention doctrine stands for the principle that "federal courts should not enjoin pending state criminal prosecutions unless the plaintiff shows bad faith, harassment, or any other unusual circumstances that would call for equitable relief, such as a flagrantly and patently unconstitutional state statute." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quotation marks omitted) (citing *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)). The *Younger* doctrine applies to a state criminal prosecution if there is: "(1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges." *Id*. (quotation marks and ellipsis omitted). If it applies, the *Younger* doctrine requires dismissal of suits for injunctive and declaratory relief. *Id*.; *see also Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995).

The Court concludes that all three elements of the *Younger* doctrine apply to Davis-Bey's ongoing prosecution. Regarding the first element, Davis-Bey's prosecution remains ongoing. As to the second element, the state "has a strong interest" in the enforcement of its criminal laws. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). And the third element is satisfied because Davis-Bey has not pled facts indicating that Texas courts will bar him from raising his Constitutional claims during his trial or on appeal. *Id.*; *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975). Moreover, the facts pled by Davis-Bey do not show bad faith, harassment, or unusual circumstances. Accordingly, the Court concludes

that Davis-Bey's claims for declaratory and injunctive relief must be dismissed under the *Younger* abstention doctrine.

　　*—Claims for damages against Texas*

Davis-Bey's federal claims for damages against Texas are barred by sovereign immunity.

Under the Eleventh Amendment, absent waiver or express Congressional abrogation of sovereign immunity, neither a state nor agencies acting under the state's control may be subject to suit in federal court by the state's own citizens or by citizens of another state. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Ysleta del Sur Pueblo v. State of Texas*, 36 F.3d 1325, 1335 (5th Cir. 1994). Eleventh Amendment immunity is a "jurisdictional bar [that] applies regardless of the nature of the relief sought." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984).

Davis-Bey has sued Texas under Section 1983. Section 1983 does not abrogate the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *see also Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Moreover, the facts pled by Davis-Bey do not indicate that Texas consented to be sued by him. Accordingly, sovereign immunity bars Davis-Bey's federal claims for damages against Texas.

　　*—Claims for damages against Judge Morales*

Davis-Bey's federal claims for damages against Judge Morales are barred by judicial immunity and sovereign immunity.

i.      Judicial immunity

Davis-Bey's federal claims for damages against Judge Morales in his individual capacity are barred by judicial immunity. *See Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). "Judges are afforded absolute immunity when they perform a normal judicial function unless they are acting in the clear absence of all jurisdiction." *Duke v. Wallace*, No. 4:19-CV-3353, 2020 WL 1650768, at *1 (S.D. Tex. Mar. 26, 2020); *see also Stump v. Sparkman*, 435 U.S. 349, 355–56, 360 (1978). "This circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Davis*, 565 F.3d at 222. "These factors are broadly construed in favor of immunity." *Id.* at 223.

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly[.]").

Davis-Bey has not overcome Judge Morales's judicial immunity; his allegations against Judge Morales involve normal judicial functions—namely, denying Davis-Bey's motions to dismiss the criminal proceedings, "fail[ing]" to schedule preliminary and

arraignment hearings, "refusing to enter [Davis-Bey's] plea on the official court record[,]" issuing an arrest warrant for Davis-Bey, and forfeiting Davis-Bey's cash bond. (Dkt. 28 at pp. 11–14). *See Marshall v. Abbott*, No. 4:21-CV-384, 2022 WL 660798, at *3, 11 (E.D. Tex. Feb. 13, 2022), *adopted*, 2022 WL 659180 (E.D. Tex. Mar. 4, 2022) (holding that ruling on motions is "the type of traditional judicial action[] for which there is complete immunity"); *Slayton v. Cheadle*, No. 4:22-CV-4411, 2023 WL 424832, at *4 (S.D. Tex. Jan. 26, 2023) (holding that "when to schedule hearings" is a normal judicial function); *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982) (holding that "acceptance of a plea" is a judicial act); *Brewer v. Blackwell*, 692 F.2d 387, 393 n.8 (5th Cir. 1982) ("Signing the warrant was a judicial act for which [the Justice of the Peace] is protected by absolute immunity even if [he] knew the affidavit to be false and acted maliciously in signing the warrant."); *Washington v. Bolin*, No. 4:11-CV-781, 2011 WL 3420440, at *6 (S.D. Tex. Aug. 4, 2011), *aff'd*, 492 Fed. App'x 470 (5th Cir. 2012) (holding that forfeiture of a criminal defendant's bond is a "purely judicial" act). Moreover, by all indications, Judge Morales's complained-of actions occurred in the courtroom or appropriate adjunct spaces; centered around Davis-Bey's state-court criminal proceedings; and arose directly out of interactions with Judge Morales in his official capacity.

Davis-Bey fails to plead facts showing that the complained-of actions by Judge Morales either fell outside the scope of Judge Morales's normal judicial functions or were taken in the clear absence of all jurisdiction. Accordingly, Davis-Bey's federal claims for damages against Judge Morales in his individual capacity are barred by judicial immunity.

ii.    Sovereign immunity

Davis-Bey's federal claims for damages against Judge Morales in his official capacity are barred by sovereign immunity. "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis*, 565 F.3d at 228; *see also Quern*, 440 U.S. at 345 (holding that Section 1983 does not abrogate the states' Eleventh Amendment immunity). As was the case with Davis-Bey's federal claims for damages against Texas, the facts pled by Davis-Bey do not indicate consent to suit. Accordingly, sovereign immunity bars Davis-Bey's federal claims for damages against Judge Morales in his official capacity.

—*Claims for damages against Scovill and Hearn*

Davis-Bey's federal claims for damages against Scovill and Hearn are barred by prosecutorial immunity and sovereign immunity.

i.    Prosecutorial immunity

Davis-Bey's federal claims for damages against Scovill and Hearn in their individual capacities are barred by prosecutorial immunity.

A prosecutor enjoys absolute immunity from liability for damages under Section 1983 for actions that "are intimately associated with the judicial phase of the criminal process." *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) (quotation marks omitted). More specifically, "[a] prosecutor is absolutely immune for initiating and pursuing a criminal prosecution," even "when [he or she] act[s] maliciously, wantonly or negligently." *Id.* at 539–40 (quotation marks omitted). Furthermore, "a prosecutor is absolutely immune

. . . for presenting the State's case." *Burns v. Reed*, 500 U.S. 478, 482–83, 489–92 (1991) (holding that a prosecutor's "appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing" were protected by absolute immunity when the prosecutor was accused of eliciting misleading testimony in order to procure the search warrant).

Davis-Bey has sued Scovill and Hearn for "rely[ing] on . . . inadmissible evidence" and "knowingly pursuing charges grounded in constitutional violations." (Dkt. 28 at p. 14). Davis-Bey has not pled any facts showing that Scovill and Hearn should be stripped of their prosecutorial immunity; rather, he only alleges that Scovill and Hearn initiated and continue to pursue his criminal prosecution. Accordingly, prosecutorial immunity bars Davis-Bey's federal claims for damages against Scovill and Hearn in their individual capacities.

       ii.     Sovereign immunity

Davis-Bey's federal claims for damages against Scovill and Hearn in their official capacities are barred by sovereign immunity.

Texas prosecutors are representatives of the state for the purposes of Section 1983 claims. *Moreno v. Donna Independent School District*, No. 7:12-CV-141, 2012 WL 12871955, at *2 (S.D. Tex. Oct. 11, 2012) ("*Moreno I*"), *aff'd*, 589 Fed. App'x 677 (5th Cir. 2014) ("*Moreno II*"). Accordingly, "the Eleventh Amendment shields [them] from official-capacity liability." *Moreno II*, 589 Fed. App'x at 680. As was the case with Davis-Bey's federal claims for damages against Texas and Judge Morales, the facts pled by

Davis-Bey do not indicate consent to suit. Accordingly, sovereign immunity bars Davis-Bey's federal claims for damages against Scovill and Hearn in their official capacities.

—*Claims for damages against Roberts*

Davis-Bey's federal claims against Roberts are time-barred.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The statute of limitations for a suit brought under Section 1983 is determined by the general statute of limitations governing personal injury actions in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. Tex. Civ. Prac. & Rem. Code § 16.003(a). A Section 1983 action "arises when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (quotation marks omitted); *see also Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) ("The statute of limitations therefore begins to run when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury.") (quotation marks and ellipsis omitted).

Davis-Bey has sued Roberts for "subject[ing him] to an arbitrary arrest . . . without [an] arrest warrant and without authority." (Dkt. 28 at pp. 18–19). Additionally, Davis-Bey has alleged that Roberts unlawfully searched his vehicle. (Dkt. 28 at pp. 18–19). Davis-Bey's federal claims against Roberts accrued on March 8, 2021, the date of Davis-Bey's arrest and the search of his car, meaning that Davis-Bey had until March 8, 2023 to bring

those claims. (Dkt. 28 at pp. 10–11). *See Davis v. Warren*, 173 F.4th 566, 572 (5th Cir. 2026) ("Because Davis was arrested on February 7, 2019, he had until February 7, 2021 to sue for unlawful arrest[.]"); *Moore v. McDonald*, 30 F.3d 616, 620–21 (5th Cir. 1994) ("Moore certainly possessed the 'critical facts' concerning the allegedly unreasonable search of the car on the day it occurred."). Davis-Bey did not file this lawsuit until April 2, 2025, and the facts pled by Davis-Bey do not raise any basis for tolling the statute of limitations. Accordingly, Davis-Bey's federal claims against Roberts are time-barred.

## IV.    THE STATE LAW CLAIMS

Finally, Davis-Bey has also brought claims under Texas state law. (Dkt. 28 at pp. 11–20). The Court declines to exercise supplemental jurisdiction over those claims and will dismiss them without prejudice under 28 U.S.C. § 1367(c). *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]").

## V.    CONCLUSION

For the reasons set out above, Defendants' motions to dismiss (Dkt. 39; Dkt. 46; Dkt. 58; Dkt. 66) are **GRANTED** as to Davis-Bey's claims under federal law. Davis-Bey's claims under federal law against Judge Morales, Scovill, Hearn, and Texas are **DISMISSED WITHOUT PREJUDICE**. Davis-Bey's claims under federal law against Roberts are **DISMISSED WITH PREJUDICE**. Davis-Bey's claims under Texas state law are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c).

All other pending motions are **DENIED AS MOOT**. The Court will enter a separate final judgment.

SIGNED at Houston, Texas on July 22, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE